

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2009

# In Re: Hector Huertas

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Hector Huertas " (2009). *2009 Decisions.* Paper 654.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/654

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2988
_____

IN RE:  HECTOR L. HUERTAS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 06-cv-04676, 08-cv-00244, 08-cv-02009,
08-cv-03959, 09-cv-02604)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 31, 2009
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: September 15, 2009)

_____

OPINION
_____

PER CURIAM.

Hector Huertas, proceeding pro se, has filed a petition for a writ of

mandamus challenging the procedure of the United States District Court for the District of

New Jersey for issuing subpoenas.  We will deny the mandamus petition.

Huertas is the plaintiff in five civil actions pending in District Court.

1

Huertas states that he sought subpoenas in connection with these lawsuits and that the Clerk's Office required that he complete the captions on the forms before the court would issue the subpoenas. Huertas asserts that, under Federal Rule of Civil Procedure 45(a)(3), the Clerk's Office should have issued the subpoenas in blank form. Huertas contends that the District Court's internal procedure results in the unnecessary delay of discovery. He asks this Court to set aside the procedure.

The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). The writ is a drastic remedy that is seldom issued and its use is discouraged. Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Applying these standards, Huertas is not entitled to mandamus relief. Huertas has not sought any relief in the District Court based on that Court's alleged internal procedures.[1] Because Huertas has other means to attain the desired relief, mandamus relief is unwarranted. See id. (stating that where there are practical avenues for seeking relief that are untried, a mandamus petition will ordinarily be denied).

Accordingly, we will deny the petition for a writ of mandamus.

---

[1] The District Court dockets for the five cases in which Huertas seeks subpoenas reflect that on July 7 and 8, 2009, he filed requests to the Clerk to issue signed subpoenas. He has not moved the District Court for any relief in connection with these requests.